FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 4 - 2003

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHEN-SHIANG DONALD LIN,

    Plaintiff,

vs.                                                         CIVIL NO. 02-1264 LFG/WDS

JAMES ROCHE, Dr.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DISMISSING COMPLAINT WITHOUT PREJUDICE

Plaintiff Chen-Shiang Donald Lin ("Donald Lin") filed suit in the United States District Court for the District of New Mexico on October 8, 2002. This is his third attempt to litigate this claim.[1] This 42 U.S.C. § 1983 lawsuit is brought against Dr. James Roche, Secretary of the Air Force. Donald Lin contends that his federally protected rights have been violated by Defendant because he was assigned to a hostile working environment and not given an appropriate computer to do his job. Donald Lin also contends that he was retaliated against by Defendant by being given low evaluation scores and not proper credit for paper presentations. Donald Lin asserts two counts, the first is unequal working opportunity, the second is unfair and untrue performance evaluations and statements.

Donald Lin's lawsuit is identical to two prior 42 U.S.C. § 1983 lawsuits. He filed the first against F. Whitten Peters, Acting Secretary of the Air Force, and David Dietz with the Air Force Research Laboratory (Chen-Shiang Donald Lin v. F. Whitten Peters, Acting Secretary of the Air

---

[1] See DNM CIV 98-1470 and CIV 01-1439.



Force, and David Dietz, DNM CIV-98-1470). An examination of the Memorandum Opinion and Order issued by Senior Judge John E. Conway demonstrates that the allegations are identical

> Plaintiff Chen-Shiang Donald Lin alleges employment discrimination against the Air Force Research Laboratory at Kirtland Air Force Base in New Mexico. Plaintiff, a civilian employee, alleges that he was discriminated against because he was assigned to a hostile working environment and not given an appropriate computer system to do his job. *See* Complaint at 2, filed December 1, 1998 (Doc. 1). Plaintiff also maintains that he received a low score on his performance evaluation and was subject to retaliation. *See id.* Consequently, Plaintiff asserts two causes of action: Count I - Lack of Equal Opportunity to Work, and Count II - Unfair and Untrue Performance Evaluations and Statements.

(CIV 98-1470, Doc. 19, pp. 1-2).

In Donald Lin's first lawsuit, CIV 98-1470, he was directed to show cause why his complaint should not be dismissed for failure to serve in accord with the requirements under Fed. R. Civ. P. 4(m). This Rule obligates a plaintiff to serve a summons and complaint upon a defendant within 120 days after filing the complaint. If service is not made, the Court is required to dismiss the action without prejudice or direct that service be effected within a specified time. Dismissal under 4(m) for failure to serve a defendant within the 120-day time limit without good cause is a matter directed to the Court's sound discretion. Hendry v. Schneider, 116 F.3d 446, 449 (10th Cir. 1997).

In the prior lawsuit, the court clearly advised Donald Lin of the requirements for service of process:

> Fed. R. Civ. P. 4(i) outlines the requirements for proper service upon the United States, and its agencies, corporations, or officers. For instance, to effect proper service upon the Secretary for the Department of the Air Force, a plaintiff must deliver a copy of the summons and the complaint to the United States attorney for the district in which the action is brought. *See* Fed. R. Civ. P. 4(i)(1)(A). A plaintiff must also send a copy of the summons and complaint by

>registered or certified mail to the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(1)(B). In this case, Plaintiff was directed by this Court to effect proper service in order to avoid dismissal.

(CIV 98-1470, Doc. 19, p. 5).

Because Donald Lin failed to comply with the requirements of Fed. R. Civ. P. 4(i) and because he was a *pro se* litigant, Judge Conway granted him an additional thirty days from entry of the order to effect service or to show good cause why service had not been completed in order to avoid dismissal.

Donald Lin's first lawsuit was liberally construed as a claim arising under Title VII of the Civil Rights Act, and the court dismissed Donald Lin's claims against Acting Secretary Peters because Donald Lin failed to exhaust mandatory administrative remedies. (CIV 98-1470, Doc. 35).

Following the dismissal of his first lawsuit, Donald Lin filed the identical lawsuit against a different defendant. He identified the defendant as Dr. James Coche [sic], the Secretary of the Air Force. That lawsuit is CIV 01-1439 BB/WWD, Chen-Shiang Donald Lin v. Dr. James Coche.

This second lawsuit is identical in all respects as to the first lawsuit, save for the identity of the defendant. In this lawsuit, Donald Lin effected service on Dr. Roche, but failed to serve the U.S. Attorney General in Washington, D.C., as well as the U.S. Attorney for the District of New Mexico. Indeed, in the government's letter to the court raising the issue of ineffective service of process, the government argued that Donald Lin was familiar with the service requirements as a result of his prior litigation, and specifically referred to the earlier suit against F. Whitten Peters in CIV 98-1470.

District Judge Bruce Black issued an order directing Donald Lin to show cause why the lawsuit shouldn't be dismissed for failure to comply with mandatory service of process requirements

under Rule 4. Donald Lin failed to respond to the court's order and on December 3, 2002, Judge Black dismissed Donald Lin's complaint without prejudice.

## Present Lawsuit

Donald Lin's present lawsuit was filed on October 8, 2002. Because the court record failed to demonstrate that service of process had been effected within the time provided by law, Judge Martha Vazquez issued a Notice to Show Cause directing Donald Lin to show cause why the complaint should not be dismissed for failure to serve within the 120 days (Doc. 8). In response to the Notice, Donald Lin demonstrated that he served Attorney General John Ashcroft by certified mail and submitted a billing statement from a process server which indicated that service was made on the governmental agency.[2]

Donald Lin provided no evidence to show that he complied with the additional requirement under Rule 4(i), that is, service on the United States Attorney for the judicial district in which the action is brought. Such service is mandatory. In the Federal Civil Rules Handbook, this concept is succinctly set out:

> To properly serve the United States, its agencies, corporations, or officers with original process, the summons and complaint must be served at several different locations. This multiple service obligation is mandatory, not discretionary.

Baicker-McKee, Steven, et al., Federal Civil Rules Handbook 172 (2002).

Donald Lin was required to serve the United States Attorney for the judicial district in which the action is brought. No proof of service on the United States Attorney for District of New Mexico

---

[2]The billing statement did not indicate time, place and method of service, but the Court presumes that service on the governmental agency was appropriate.

4

was presented.

In Espinoza v. United States, 52 F.3d 838, 842 (10th Cir. 1995), a *pro se* litigant failed to serve either the United States Attorney or the Attorney General within the 120-day period and did not show good cause for the delay. The District Court dismissed the case, and the Tenth Circuit remanded the case for a determination as to whether the District Court should grant the plaintiff an extension of time under Fed. R. Civ. P. 4(m), because the requirements of Rule 4(i) were complex and because the plaintiff was proceeding *pro se*.

There is a significant difference between Espinoza and the present case. In Espinoza, the plaintiff didn't know about service requirements under Rule 4, and the Circuit acknowledged that they are confusing. But in the present case, Donald Lin cannot assert that he was unaware of the service requirements. In his first lawsuit, the court specifically admonished Donald Lin as to the requirements of rule 4. Again, in the second case, Donald Lin was apprised by the court of the failure to serve both the Attorney General and the U.S. Attorney for this district. Thus, unlike Espinoza who was unaware of the requirements under 4(i), here, Donald Lin was specifically put on notice that service of process to the United States Attorney for this district was required under 4(m). Having been put on notice of the service requirements under the rule, Donald Lin cannot assert surprise or lack of knowledge concerning service of process requirements.

Donald Lin took no steps to serve the local United States Attorney until October 2003 (Doc. 11). Donald Lin offered no excuse, explanation or justification for the nearly nine-month delay in providing notice to the United States Attorney.

The Court concludes that Donald Lin failed to comply with mandatory requirements of Rule 4(i), and having previously been apprised of the specific requirements for service, no good cause has

5

been shown to extend the service of process time from four to nine months. The Court determines that there has been ineffective service of process and, therefore,

IT IS ORDERED that Donald Lin's complaint is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE